IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ADARRYL L. RICHMOND | § § § | |
| Vs. | § § | Civil Action No. _____ |
| RHONDA CHARLES EDWARDS AND POP'S LEASING LLC | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Adarryl Richmond files this, his Original Complaint, complaining of and against Defendants Rhonda Charles Edwards and Pop's Leasing LLC and in support thereof, Plaintiff respectfully shows this Honorable Court the following:

### I. JURISDICTION AND VENUE

1.1 The Court has subject matter jurisdiction over this proceeding and the claims asserted herein pursuant to 28 U.S.C. § 1332, in that there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

1.2 The Court has personal jurisdiction over the Defendants to this action because the Defendants to this action have sufficient contacts with the State of Texas as to be amenable to suit in Texas in connection with this incident. Specifically, this action is brought by Plaintiff, Adarryl L. Richmond, a resident of the State of Mississippi, against Defendants, Rhonda Charles Edwards, a resident of the State of Texas, and Pop's Leasing LLC, an entity formed under the laws of the State of Texas, with its principal place of business located in Texas, and with all partners/members being citizens of the State of Texas.

1.3     The Court has personal jurisdiction over Defendant Rhonda Charles Edwards because Defendant Rhonda Charles Edwards's acts and/or omissions, as complained of herein, gave rise to the causes of action asserted herein and the injuries of the Plaintiffs, which occurred in the State of Texas. As such, Defendant Rhonda Charles Edwards has sufficient specific contacts with the State of Texas in order to confer personal jurisdiction over Defendant in this case. Moreover, Defendant Rhonda Charles Edwards is engaged in interstate commerce and regularly and frequently conducts business in the State of Texas, such that Defendant Rhonda Charles Edwards has such continuous and systematic contacts with the State of Texas as to confer general personal jurisdiction over Defendant in the State of Texas, in conformity with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Further, Defendant Rhonda Charles Edwards is a citizen and resident of the State of Texas.

1.4     The Court has personal jurisdiction over Defendant Pop's Leasing LLC because Defendant Pop's Leasing LLC's acts and/or omissions, as complained of herein, gave rise to the causes of action asserted herein and the injuries of the Plaintiffs, which occurred in the State of Texas. As such, Defendant Pop's Leasing LLC has sufficient specific contacts with the State of Texas in order to confer personal jurisdiction over Defendant in this case. Moreover, Defendant Pop's Leasing LLC is engaged in interstate commerce and regularly and frequently conducts business in the State of Texas, such that Defendant Pop's Leasing LLC has such continuous and systematic contacts with the State of Texas as to confer general personal jurisdiction over Defendant in the State of Texas, in conformity with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Further, Defendant Pop's Leasing LLC is a citizen and resident entity of the State of Texas.

1.5     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because substantial part of the events or omissions giving rise to the claim occurred, in this judicial district.

## II.    PARTIES

2.1     Plaintiff Adarryl Richmond is an individual who resides in DeSoto County, Mississippi.

2.2     Defendant Rhonda Charles Edwards is an individual who resides in Titus County, Texas. Defendant Rhonda Charles Edwards may be served with process at her place of residence located at 1507 West 6th Street, Mount Pleasant, Texas, 75455 or wherever she may be found.

2.3     Defendant Pop's Leasing LLC is a domestic limited liability company with members who are all citizens of the State of Texas. Defendant can be served with process by serving its registered agent for service, Brian Lee, 775 East 16th Street, Mount Pleasant, Texas 75456.

## III.    AGENCY/RESPONDEAT SUPERIOR

3.1     Whenever it is alleged in this Petition that Defendant Pop's Leasing LLC did any act or thing, it is also meant that its agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives, did such act or thing and, at the time such act or thing was done, it was done with Defendant's authorization or was done in the normal routine course of the agency or employment of Defendant.

## IV.    FACTS

4.1     This lawsuit results from a commercial motor vehicle collision that occurred at approximately 14:27 pm on August 11, 2021, on Interstate Highway 30 in Morris County, Texas.

4.2     Defendant Rhonda Charles Edwards was driving in a white 1997 Mack Truck with a load, west-bound in the outside lane on Interstate Highway 30 to the location where the collision occurred. The white 1997 Mack Truck was owned by Defendant Pop's leasing LLC at all times relevant to this suit. The area of Interstate Highway 30 where the collision occurred is a two-lane highway.

4.3     When the Collision occurred, Plaintiff Adarryl Richmond was a seat-belted driver for Southern Gentlemen Transport LLC who was parked on the shoulder on Interstate Highway 30 facing west-bound with a trailer in tow.

4.4     On that date, Defendant Edwards was travelling west-bound on IH-30 in the outside lane close to where Plaintiff was parked. Defendant Edwards failed to drive in a single lane causing Defendant's truck to strike Plaintiff's truck and load he was towing, travelling down the complete left side of Plaintiff's vehicle and trailer, causing the damages and injuries to Plaintiff described below.

4.5     At all times material hereto, Defendant Edwards was employed by Defendant Pop's Leasing LLC and was acting at Defendant's direction and for Defendant's benefit.

4.6     At all times material hereto, Defendant Edwards was in the course and scope of her employment with Defendant Pop's Leasing LLC.

4.7     At all times material hereto, Defendant Edwards was engaged in the furtherance of Defendant's business.

4.8     At all times material hereto, Defendant Edwards was engaged in accomplishing a task for which she was employed by Defendant Pop's leasing LLC.

4.9     At all times material hereto, Defendant Edwards was negligent in the operation of the vehicle owned/leased by Defendant Pop's Leasing LLC.

## V. CAUSES OF ACTION

### Count 1 – Negligence of Defendant Rhonda Charles Edwards

5.1 Plaintiff incorporates by reference all of the above and forgoing paragraphs herein.

5.2 The incident made the basis of this suit and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of Defendants Edwards. The acts of negligence/negligence *per se* of Defendants Edwards include, but are not limited to, the following:

a. Failing to yield the right of way to a pedestrian;

b. Failing to yield the right of way to a pedestrian/stranded motorist with a disabled vehicle;

c. Failing to maintain such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

d. Failing to apply his brakes properly and timely as a person of ordinary prudence would have done under the same or similar circumstances;

e. Failing to maintain the vehicle they was operating in a single lane in thereby violating Texas Transportation Code § 545.060(a);

f. Failing to operate a vehicle on the right side of the road thereby violating Texas Transportation Code § 545.051;

g. Failing to drive the vehicle they was operating in accordance with the laws, ordinances, and regulations found in the Texas Transportation Code, in violation of 49 C.F.R. § 392.2, and resulting in negligence *per se*;

h. Failing to take such evasive action as a person of ordinary prudence, exercising ordinary care, would have done to avoid the collision;

i. Driving in willful and wanton disregard for the safety of persons and/or property thereby violating Tex. Transportation Code § 545.401(a);

j. Failing to use due care to avoid with a pedestrian on a roadway thereby violating Tex. Transportation Code § 552.008;

k. Violating the Texas Transportation Code in other respects to be determined constituting negligence *per se*; and

l. Violating the applicable safety provisions of the Federal Motor Carrier Safety Regulations.

5.3     Each and all of these acts and omissions, singularly or in combination with others, constituted negligence and/or negligence *per se*, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

### Count 2 – Vicarious Liability of Defendant Pop's Leasing LLC

5.4     Plaintiff incorporates by reference all of the above and forgoing paragraphs herein.

5.5     Defendant Edwards was an employee/statutory employee of Defendant Pop's Leasing LLC and was in the course and scope of their employment at the time of the collision. The negligence/negligence *per se* of Defendant Rhonda Charles Edwards is therefore imputed to Defendant Pop's Leasing LLC. The negligence/negligence *per se* of Defendant, directly and vicariously, was the proximate cause of the collision in question, pursuant to the legal doctrine *respondent superior*.

5.6     In the alternative, Defendant JC Transport is responsible for the negligent acts and/or omissions of Defendant Kevin Keith Knight because at the time and place in question, Mr. Knight was operating a commercial vehicle in interstate commerce and he, as well as Defendant JC Transport were therefore subject to the Federal Motor Carrier Safety Regulations, including 49 C.F.R. § 376.12(c)(1). Accordingly, at all relevant times hereto, Mr. Knight was a statutory employee of Defendant JC Transport and Plaintiff was a member of the class of persons that the Federal Motor Carrier Safety Administration designed 49 C.F.R. § 376.12(c)(1) to protect.

5.7     Each and all of these acts and omissions, singularly or in combination with others, constituted negligence and/or negligence *per se*, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## Count 3 – Negligent Hiring

5.8     Plaintiff incorporates by reference all of the above and forgoing paragraphs herein.

5.9     Plaintiff alleges herein that Defendant Pop's Leasing LLC was negligent in the hiring of Defendant Rhonda Charles Edwards, in that Defendant Pop's Leasing knew, or in the exercise of reasonable care should have known, that Defendant Rhonda Charles Edwards was unfit or unqualified for a position that would require her to safely operate commercial motor vehicles. Further, Defendant Pop's Leasing LLC failed to do a proper background check, failed to make sure that Defendant Edwards had the skills necessary to safely operate a commercial motor vehicle, and failed to comply with the minimum safety standards concerning hiring contained within the Federal Motor Carrier Safety Regulations and industry safety standards. Further, Defendant Pop's Leasing knew, or in the exercise of reasonable care should have known, that Defendant Edwards had not been provided adequate, if any, training by Defendant Pop's Leasing concerning the safe operation of a commercial motor vehicle.

5.10    The foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## Count 4 – Negligent Training

5.11    Plaintiff incorporates by reference all of the above and forgoing paragraphs herein.

5.12    Plaintiff alleges herein that Defendant Pop's Leasing LLC was negligent in the training of its employee, Rhonda Charles Edwards , in the following particulars:

   a.   Defendant Pop's Leasing LLC knew, or in the exercise of reasonable care should have known, that Defendant Rhonda Charles Edwards was unfit or unqualified for a position in which they was required to safely operate and drive commercial motor vehicles;

b. Defendant Pop's Leasing LLC failed to properly train and/or instruct its employee, Defendant Rhonda Charles Edwards , for the job they was to perform and for the safe operation of a commercial motor vehicle; and

c. Defendant Pop's Leasing LLC failed to instruct or train its employee, Defendant Rhonda Charles Edwards , concerning the commercial motor vehicle and allowed its employee to drive a commercial motor vehicle when it knew, or should have known, that the employee was not capable of, or qualified in, operating the vehicle safely and prudently.

5.13 Each and all of the foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

### Count 5 – Negligent Supervision

5.14 Plaintiff incorporates by reference all of the above and forgoing paragraphs herein.

5.15 Plaintiff alleges herein that Defendant Pop's Leasing LLC was negligent in the supervision of its employee, Defendant Rhonda Charles Edwards, in the following particulars:

a. Defendant Pop's Leasing LLC knew, or in the exercise of reasonable care should have known, that Defendant Rhonda Charles Edwards was unfit or unqualified for a position which they was required to safely operate a commercial motor vehicle;

b. Defendant Pop's Leasing LLC failed to supervise Defendant Rhonda Charles Edwards for the job that they was to perform; and

c. Defendant Pop's Leasing LLC failed to supervise its employee, Defendant Rhonda Charles Edwards, on the date of the incident in question, and allowed, or failed to prevent, Defendant Rhonda Charles Edwards from operating a commercial motor vehicle in an unsafe manner on Defendant's behalf, for its benefit, and for its monetary profit.

5.16 Each and all of the foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## Count 6 – Negligent Retention

5.17   Plaintiff incorporates by reference all of the above and forgoing paragraphs herein.

5.18   Plaintiff alleges herein that Defendant Pop's Leasing LLC was negligent in the retention of Defendant Rhonda Charles Edwards as a commercial motor vehicle driver, in that Defendant Pop's Leasing LLC knew, or in the exercise of reasonable care should have known, that Defendant Edwards was unfit or unqualified for a position which they was required to safely operate a commercial motor vehicle. Further, Defendant Pop's Leasing LLC knew, or in the exercise of reasonable care should have known, that Defendant Edwards had not been provided adequate, if any, training by Defendant Pop's Leasing LLC concerning the safe operation of a commercial motor vehicle. Despite this actual or constructive knowledge, Defendant Pop's Leasing LLC negligently and gross negligently retained Defendant Edwards from the date on which they was hired until and including the date of the incident in question. During that time, Defendant Pop's Leasing LLC allowed Defendant Edwards to operate, or failed to prevent Defendant Edwards from operating, in an unsafe manner a commercial motor vehicle on Defendant's behalf, for Defendant's benefit, and for Defendant's monetary gain.

5.19   Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and gross negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## Count 7 – Gross Negligence

5.20    Plaintiff incorporates by reference all of the above and forgoing paragraphs herein.

5.21    The negligence of Defendants Pop's Leasing LLC as alleged above was of such character as to make the Defendants Pop's Leasing LLC guilty of gross negligence. The conduct of Defendants Pop's Leasing LLC was in heedless and reckless disregard of the rights of the Plaintiff, and involved such an entire want of care as to indicate that it was a result of conscious indifference to Plaintiff's rights, welfare and safety. As a result of Defendants Pop's Leasing LLC gross negligence, Plaintiff is entitled to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a) in such an amount as may be found to be proper under these facts and circumstances.

5.22    Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and gross negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## VI.    DAMAGES

6.1    Plaintiff incorporates by reference all of the above and forgoing paragraphs herein.

6.2    As a result of Defendants' negligence, Plaintiff Adarryl Richmond has suffered serious personal injuries, including injuries to his hips and back. Plaintiff Richmond believes some of his injuries are permanent in nature and have had a serious effect on his well-being. As a result, Plaintiff seeks to recover the following damages:

- a.    Medical expenses incurred in the past;
- b.    Medical expenses that, in reasonable probability, will be incurred by Plaintiff in the future;
- c.    Lost wages sustained in the past;

    d.    Loss of earning capacity that, in reasonable probability, will be sustained by Plaintiff in the future;

    e.    Past physical pain and suffering;

    f.    Physical pain and suffering that, in reasonable probability, Plaintiff will suffer in the future;

    g.    Past mental anguish;

    h.    Mental anguish that, in reasonable probability, Plaintiff will suffer in the future;

    i.    Past physical impairment;

    j.    Physical impairment that, in reasonable probability, Plaintiff will suffer in the future;

    k.    Physical disfigurement in the past; and

    l.    Physical disfigurement that, in reasonable probability, Plaintiff will suffer in the future.

6.3    Plaintiff seeks fair and reasonable compensation for his damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

## VII.    PRAYER FOR RELIEF

7.1    WHEREFORE, ALL PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer and that upon final hearing hereon, Plaintiff recover as follows:

    a.    Actual damages within the jurisdictional limits of this Court;

    b.    Exemplary damages;

    c.    Pre-judgment and post-judgment interest as allowed by law;

    d.    Costs of Court; and

    e.    All such other and relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH

_____

DAVID R. HAGAN
State Bar No. 24099170
dhagan@sloanfirm.com
101 East Whaley Street
P.O. Drawer 2909
Telephone: (903) 757-7000
Facsimile: (903) 757-7574

ATTORNEY FOR PLAINTIFF